```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF TEXAS
            FORT WORTH DIVISION
```

| | | |
|---|---|---|
| TRINA BROWN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-044-Y |
| | § | |
| JOSEPH CORY HOLDINGS, LLC | § | |

## ORDER GRANTING MOTION TO STRIKE

Before the Court is Defendant's Motion to Strike Plaintiff's Expert Designation (doc. 27). Plaintiff did not file a response. After review, the Court GRANTS the motion.

Defendant is a for-hire motor carrier. Defendant hires independent contractors to provide transportation and delivery services to its customers. One of Defendant's primary customers is Rooms To Go, Inc. ("Rooms To Go"). In 2000, Defendant entered into a contract with Plaintiff to provide home delivery services for Rooms To Go. The parties' contractual relationship continued until 2012, when Defendant terminated Plaintiff after she rescheduled her daily deliveries without proper authorization.

Plaintiff filed suit alleging various causes of action based on her contractual agreement with Defendant and Defendant's characterization of Plaintiff as an independent contractor rather than as an employee. In particular, Plaintiff brought claims for violations of the Texas Labor Code, unjust enrichment, quantum meruit, and fraud. She also sought to rescind the contract with Defendant or, alternatively, to enforce it and recover damages for breach of contract.

In her required disclosures under Federal Rule of Civil Procedure 26(a)(2), Plaintiff disclosed herself as a non-retained, testifying expert. Plaintiff was expected to testify regarding the following:

> her background and experience as an employee in general, including her experience in the delivery industry and her duties and responsibilities while employed by [Defendant]. This includes testimony regarding reimbursement of business-related expenses, etc.

Defendant raises several challenges to Plaintiff's expert designation. First and foremost, Defendant moves to strike Plaintiff's designation on the ground that it does not meet the requirements of Rule 26(a)(2). Specifically, Defendant argues that the above summary is vague and inadequate to give Defendant proper notice of Plaintiff's expert opinions.

Federal Rule of Civil Procedure 26(a)(2)(C) governs mandatory disclosures concerning non-retained experts. Under the rule, a party must disclose both the subject matter on which the non-retained expert is expected to present evidence and a summary of the facts and opinions as to which the expert is expected to testify. Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii). "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Plaintiff provides only a two-sentence disclosure regarding

her expected testimony. Plaintiff's vague assertion that she will testify regarding her experience as an employee in the delivery industry hardly puts Defendant on notice regarding the extent of her testimony. Her attempt to narrow the subject matter to "reimbursement of business-related expenses, etc." does little to clarify things. Further, Plaintiff provides no summary of the facts and substantive opinions to which she is expected to testify.

Despite this Court's conclusion that Plaintiff's expert disclosure fails to comply with Rule 26(a), exclusion is not mandatory or automatic. Instead, it is a matter of this Court's discretion. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). In deciding whether to exercise its discretion and exclude Plaintiff as an expert witness, the Court is guided by four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003) (citation omitted).

Plaintiff provides no explanation to justify her failure to comply with Rule 26.[1] Indeed, Plaintiff failed to file a response

---

[1] Plaintiff's expert disclosure also fails to comply with this Court's scheduling order (doc. 10), which set a hard deadline for Plaintiff's expert disclosures and any supplementation. The order also put Plaintiff on notice that failure to comply with the terms of the order may result in sanctions.

to Defendant's motion to strike.  Nonetheless, the Court cannot say, based on its review of the subject matter Plaintiff expected to testify to as an expert and the Court's review of the complaint, that such testimony is vital to Plaintiff's claim.  This is especially true considering that Plaintiff may still testify as a fact witness regarding matters of which she has personal knowledge, which would encompass her experience as an employee in the delivery industry.

Based on the forgoing, Defendant's motion to strike Plaintiff as an expert witness is GRANTED.

SIGNED April 1, 2014.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE